IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL KHAN | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3121 |
| | * | |
| CITIBANK, | | |
| | * | |
|    Defendant. | | |

******

## MEMORANDUM OPINION

This case is an appeal from an Order of the Bankruptcy Court that lifted an automatic stay imposed pursuant to 11 U.S.C. § 362(a), thereby allowing Appellee Citibank to pursue eviction proceedings against Appellant Jamal Khan and Samina Khan. *See* ECF No. 1-1. Oral argument is deemed unnecessary in this case because the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument. Fed. R. Bankr. P. 8019; *see also* Md. Local R. 105.6. The appeal will be dismissed as moot.

**I.    BACKGROUND**

On December 21, 2005, Appellant Jamal Khan ("Khan") executed a promissory note and deed of trust in favor of Pulte Mortgage, LLC relating to the property located at 1410 Meadowsweet Drive, Sandy Spring, Maryland 20860 (the "Property"). ECF No. 3-3. Khan failed to make the required monthly payments under this loan. As a result, on May 10, 2010, the substitute trustees under the deed of trust filed a judicial foreclosure complaint seeking foreclosure and sale of the Property. *See Cohn v. Khan*, Case No. 331795V (Montgomery Cnty. Cir. Ct. May 10, 2010); ECF No. 22-2. A foreclosure sale occurred, in which the Property was

sold to Appellee Citibank, N.A., as Trustee on behalf of GSR Mortgage Loan Trust 2006-AR2 ("Citibank"). *See* ECF No. 22-3.

Khan filed a Motion of Exceptions to Sale on September 16, 2010. *See* ECF No. 22-4. After a hearing, the Montgomery County Circuit Court ratified the foreclosure sale to Citibank on May 10, 2011. *See* ECF No. 22-5. The substitute trustee's deed, which demonstrated Citibank's ownership of the Property, was recorded in the Montgomery County Property Records on June 16, 2011. *See* Substitute Trustees' Deed, ECF No. 3-3 at 32.

After the Property was sold to Citibank, and after Khan attempted to vacate the ratification of the sale, the Montgomery County Circuit Court granted Citibank possession of the Property on November 21, 2013. *See* Order of Possession, ECF No. 22-6. Khan appealed several of the state court's rulings. However, the trial court's orders were affirmed, and so a Writ of Possession was issued to Citibank on April 29, 2016. *See* Montgomery Cnty. Docket, ECF No. 22-2 at 17.

On May 2, 2016, Citibank executed a deed of trust to JSH Properties, LLC ("JSH") for the Property. *See* Deed, ECF No. 3-9. Khan filed his Chapter 13 Bankruptcy Petition with the United States Bankruptcy Court for the District of Maryland the next day. Citibank filed a Motion for Relief from the Automatic Stay on June 27, 2016, because Citibank wished to move forward with the eviction and Khan still resided at the Property. *See* ECF No. 3-1. On July 13, 2016, Khan opposed Citibank's motion for relief from the automatic stay. *See* ECF No. 3-5. Nonetheless, the deed conveying the Property to JSH was recorded on July 18, 2016. *See* ECF No. 22 at 8.

On July 25, 2016, the bankruptcy court held a hearing on Citibank's motion for relief from the stay. *See* Bankr. Transcript, ECF No. 22-7. The bankruptcy court granted the motion for

relief. It first noted that the movant, Citibank, submitted a substitute of trustees' deed dated June 8, 2011, which evidenced Citibank's ownership of the Property and its standing to pursue the pending motion for relief. *See* ECF No. 22-7 at 8. The bankruptcy court went on to explain that Khan as the debtor had been completely disposed of all legal and equitable title to the Property and therefore only held a mere possessory interest in it. Because a mere possessory interest is not subject to a plan of reorganization, the court found cause to lift the stay under 11 U.S.C. § 362(d)(1).

Three days after the July 25th hearing, Co-Debtor Samina Khan filed a motion to deny relief from the stay imposed pursuant to 11 U.S.C. § 1301 for Citibank's failure to properly serve her. *See* ECF No. 3-6. Samina Khan also filed a "motion to dismiss" the lift of stay for largely the same reasons. *See* ECF No. 3-8. The bankruptcy court held a hearing on August 22, 2016 at which Samina Khan failed to appear.

On August 22, 2016, Khan also moved to dismiss the relief from stay arguing, *inter alia*, that Citibank had no legal standing to pursue a motion to lift the stay because it had sold the Property to JSH on May 2nd, the day before Khan filed for bankruptcy. The bankruptcy court struck the motion for failure to comply with its filing procedures. *See* ECF No. 1-2 at 2.

On September 9, 2016, the bankruptcy court issued an order denying Samina Khan's requested relief. *See* ECF No. 1-1. That same order also lifted the automatic stay. *Id.* On the same day, Jamal Khan filed a notice of appeal of the bankruptcy court's order. Khan, however, did not request that the bankruptcy court stay its order pending his appeal, and so transfer of the property to JSH proceeded to conclusion.

## II. STANDARD OF REVIEW

A district court, sitting as an appellate court in bankruptcy, reviews the bankruptcy court's findings of fact for clear error, and its conclusions of law are reviewed *de novo*. Fed. R. Bankr. P. 8013; *see also First Nat'l Bank of Md. v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995).

## III. ANALYSIS

On appeal, Khan argues that because Citibank had already sold its interest in the Property to JSH at the time Khan filed for bankruptcy, Citibank was not a party in interest with standing to seek relief from the automatic stay pursuant to 11 U.S.C. § 362.  Citibank counters that even if it lacked standing to bring the motion, Khan's appeal is now moot and must be dismissed. The Property has been sold to a third party and Khan no longer has any interest in the Property. Thus, according to Citibank, this Court is unable to fashion any meaningful relief for Khan. In fact, it is unclear exactly what relief Khan is seeking because he no longer lives at the property and so has no possessory interest in it. This Court agrees with Citibank that the appeal is moot, obviating the need to reach the merits of Khan's arguments.

The Court "may dismiss a bankruptcy appeal if it appears that the case has become either constitutionally or equitably moot." *Walker v. Grigsby*, No. AW-06-62, 2006 WL 4877450, at *2 (Bankr. D. Md. Apr. 11, 2006); *see also Constructivist Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000). Under the doctrine of constitutional mootness, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000)) (quotation marks omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron*

*Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). Thus, courts must refrain from rendering judgments that would amount to mere "advisory opinions." *See Williams v. Johnson*, 386 F. Supp. 280, 283 (D. Md. 1974) (citing *Muskrat v. United States*, 219 U.S. 346 (1911)).

To survive a challenge of mootness, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Iron Arrow Honor Society*, 464 U.S. at 70. Accordingly, an appeal must be dismissed as moot when "an event occurs while a case is pending appeal that makes it impossible for the court to grant 'any effectual relief what[so]ever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal citation omitted).

Khan's only request on appeal is that this Court reverse the bankruptcy court's lift of the automatic stay. *See* ECF No. 16 at 13. Citibank, however, has now transferred its interest in the Property to JSH. Accordingly, Khan's requested judicial determination to overturn the bankruptcy court's lift of the stay would have no practical effect because the property has already been conveyed to JSH. *See In re McLean Square Assocs., G.P.*, 200 B.R. 128, 131 (E.D. Va. 1996) ("[I]t is well established that courts must dismiss an appeal as moot if an affirmance 'would ostensibly require something to be done which had already taken place,' while a reversal 'would ostensibly avoid an event which had already passed beyond recall.'" (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923)); *In re Ern, LLC*, 124 F. App'x 151, 152 (4th Cir. 2005) (unpublished) (holding that an appeal is moot where the property that was the subject of the original case has been transferred pursuant to the bankruptcy court's order).

Had Khan wished to preserve the justiciability of his claims, he could have sought to stay the enforcement of the bankruptcy court's order lifting the automatic stay pending his appeal. Failure to seek such relief may result in mooting the claims by virtue of subsequent events. *See,*

*e.g.*, *Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir. 1993) (holding that foreclosure on the property at issue "rendered moot any appeal on the applicability of the [11 U.S.C.] § 362(a) stay"); *Sullivan Central Plaza, I, Ltd. v. BancBoston Real Estate Capital Corp. (Matter of Sullivan Central Plaza, I, Ltd.)*, 914 F.2d 731, 733 (5th Cir. 1990) (determining that "[i]f the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief"). The consequences of Khan's failure to seek a stay are evident. Khan has been evicted and so does not even retain a possessory interest in the property. Khan's appeal—which centers on the propriety of lifting a stay so that the sale of the property can proceed—has thus been mooted by the sale of the property to JSH.

For these same reasons, Khan's appeal is also equitably moot. The Fourth Circuit Court of Appeals has explained that "the doctrine of *equitable* mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002) (emphasis in original); *In re U.S. Airways Group, Inc.*, 369 F.3d 806, 809 (4th Cir. 2004); *In re Shawnee Hills, Inc.*, 125 F. App'x 466, 469 (4th Cir. 2005). To determine whether a bankruptcy appeal has become equitably moot, the Fourth Circuit has identified several factors the district courts may consider:

> (1) whether the appellant sought and obtained a stay; (2) whether the reorganization plan or other equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

*Mac Panel*, 283 F.3d at 625 ("Because the doctrine of equitable mootness is based on practicality and prudence, its application does not employ rigid rules").

Here, the Property has now been sold to a third party, JSH Properties. As explained above, neither Citibank nor Kahn owns, occupies, or retains any possessory interest in the Property. Accordingly, this Court cannot practically grant the requested relief to reverse the lift of the stay and in effect re-enjoin Citibank's ability to convey the property because the property has already transferred to JSH. Put differently, for the reversal of the lift of stay to have any meaning, it would have to substantially affect the rights of the third party JSH. This is all due to Khan's failure to seek a stay of the bankruptcy court's order in the first instance. The appeal therefore is equitably moot. *See, e.g.*, *In re Shawnee Hills, Inc.*, 125 F. App'x at 470; *Mac Panel*, 283 F.3d at 625–27; *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 841 F.2d 92, 95 (4th Cir. 1988). *See also Riley v. Robey*, 25 F. App'x 149, 152 (4th Cir. 2002) (unpublished).

### IV. CONCLUSION

For the foregoing reasons, Khan's appeal will be dismissed as moot. A separate Order will follow.

| | |
|---|---|
| 5/26/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |